**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7298**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROLANDO STOCKTON,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:99-cr-00352-MJG-6; 1:09-cv-00281-MJG)

Argued: October 31, 2013      Decided: November 20, 2013

Before TRAXLER, Chief Judge, and KING and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Michael Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. James G. Warwick, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Rod J. Rosenstein, United States Attorney, Andrea L. Smith, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rolando Stockton, a federal prisoner, filed a 28 U.S.C. § 2255 motion contending, inter alia, that his trial counsel failed to advise him properly with regard to two pre-trial plea offers. The district court denied relief but granted a certificate of appealability. We review the district court's conclusions of law de novo and its findings of fact for clear error. See United States v. Nicholson, 611 F.3d 191, 205 (4th Cir. 2010).

To establish ineffective assistance of counsel, Stockton must show that: (1) counsel's failures fell below an objective standard of reasonableness, and (2) counsel's deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The Supreme Court recently addressed the standard for showing ineffective assistance during the plea bargaining stage in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012). In Lafler, the Supreme Court held that the Sixth Amendment right to counsel applies to the plea bargaining process, and prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have resulted in a less severe conviction, sentence, or both. See Lafler, 132 S. Ct. at 1384-85. In Frye, the Supreme Court held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel

2

has a duty to communicate any offers from the Government to his client. See Frye, 132 S. Ct. at 1408.

In this case, counsel communicated the plea offers from the Government to Stockton prior to trial, along with Stockton's sentence exposure, and provided an assessment of Stockton's available defense. Although counsel told Stockton that the plea offers were "good offers," counsel made no affirmative recommendation that Stockton accept the offers and left the decision of whether to accept the offers solely to Stockton, who steadfastly maintained that he was not guilty of the charges. Stockton contends that trial counsel was ineffective for failing to make such an affirmative recommendation and failing to vigorously attempt to persuade him to accept it.

We have thoroughly reviewed the record in this case, and we agree with the district court that trial counsel's performance was not deficient. See, e.g., Burt v. Titlow, No. 12-414, ____ U.S.L.W. ____, 2013 WL 5904117, *6 (U.S. Nov. 5, 2013) ("Although a defendant's proclamation of innocence does not relieve counsel of his normal responsibilities under Strickland, it may affect the advice counsel gives."); Jones v. Murray, 947 F.2d 1106, 1109-11 (4th Cir. 1991) ("We cannot conclude that counsel's decision, at this point and in the context of his client's rejection of the plea offer for the stated reason that he was innocent, to refrain from a vigorous attempt to change

3

his client's mind was 'outside the wide range of professionally competent assistance.'" (quoting <u>Strickland</u>, 466 U.S. at 690)). Accordingly, we affirm the judgment of the district court.

<u>AFFIRMED</u>